The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

EDWARD JOHN KOWAL,

                              Plaintiff,

vs.

ZVUE CORPORATION, a Delaware
Corporation, JEFF OSCODAR, BILL
BUSH, and CARL PAGE;

                              Defendants.

CASE NO.  C08-108RSL

AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND BREACH
OF CONTRACT

COMES NOW Edward John Kowal, and by way of Complaint against ZVUE

Corporation, Jeff Oscodar, Bill Bush, and Carl Page alleges as follows:

## I. JURISDICTION AND VENUE

1.    Edward John Kowal ("Kowal") is a resident of King County,

Washington and has been a resident of King County, Washington at all times

material to the events alleged in this complaint.

2.    ZVUE Corporation ("ZVUE") is a Delaware corporation doing

business in the state of Washington both on its own behalf and through various

AMENDED COMPLAINT FOR DECLARATORY RELIEF
AND BREACH OF CONTRACT - 1

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144  WWW.HELSELL.COM

wholly-owned subsidies. ZVUE was formerly known as "Handheld Entertainment, Inc."

3.    Jeff Oscodar ("Oscodar") is Director, Chief Executive Officer & President of ZVUE.

4.    Bill Bush ("Bush") was the Chief Financial Officer at the time of the events underlying this complaint and currently serves as a strategic advisor to ZVUE.

5.    Carl Page ("Page") is the Chief Technology Officer of ZVUE.

6.    Oscodar, Bush, and Page were officers of the ZVUE Corporation at the time of the events underlying this complaint and were all individually involved in making the decisions and taking the actions on behalf of ZVUE that form the basis of this complaint.

7.    John Kowal's performance under the contract at issue in this matter has occurred largely in King County, Washington and most of the events at issue in this matter involve events occurring primarily in King County, Washington.

8.    Jurisdiction and venue are appropriate in this Court.

II.  BACKGROUND FACTS

9.    In the calendar year 2006 John Kowal owned and managed Dorks, LLC. That business involves the creation and operation of a website in which video clips and other media are available to Internet users to view and/or

AMENDED COMPLAINT FOR DECLARATORY RELIEF
AND BREACH OF CONTRACT - 2

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144  WWW.HELSELL.COM

download.  Business revenue was created through the sale of advertising space on the website targeted at the website demographic.

10.    In 2006 HandHeld Entertainment, Inc. (hereafter "HandHeld") purchased Dorks, LLC.  In connection with that purchase, HandHeld and Kowal entered into an Employment Agreement.

11.    The Employment Agreement between HandHeld and Kowal contained various provisions, including those described below.

12.    In the first numbered paragraph, with the heading "Duties and Position," the Employment Agreement states that the employee (John Kowal) would have duties including "the identification and facilitation of the acquisition of businesses similar to [Dorks, LLC.]"  That provision goes on to state as follows:

> As part of Employee's employment with the Company, Employee shall, without limitation, assist the Company with identifying and closing acquisitions of other websites, work with the Company's web development team to optimize the Company's existing website (as well as any additional websites that the Company may acquire in the future), and assist the Company with determining and implementing a strategy for the syndication of all of the other websites and content that the Company may acquire in the future.

13.    The Employment Agreement also provides for compensation to John Kowal.  The Employment Agreement, in ¶3.1, provides him with a salary of $20,000 per year.  In paragraph 3.2 the Employment Agreement provides for certain bonuses.  The agreement states as follows:

AMENDED COMPLAINT FOR DECLARATORY RELIEF
AND BREACH OF CONTRACT - 3

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144  WWW.HELSELL.COM

Bonuses. Employee shall be eligible for bonuses in the form of stock for assisting in the acquisition of other websites, as set forth on the attached <u>Schedule A</u>. The Company and Employee understand and agree that the principal goal of Employee's services shall be to expand the business of Dorks, LLC via acquisitions of similar businesses, and that both the Company and Employee agree that the compensation of Employee is therefore primarily based upon how successful he will be in fulfilling that goal.

14.    The Employment Agreement contains a Schedule A which sets forth the method of determining bonuses. The bonus to be paid to Mr. Kowal vary from 3 to 5%, depending on the "transaction value" in the acquisition. "Transaction value" is specifically defined as "the aggregate value of the specific Transaction." Schedule A, note 3. Bonuses are paid in newly issued restricted shares of HandHeld. Schedule A sets forth the manner in which the price of the bonus share is determined. Schedule A, note 5.

15.    In the twelve months following the signing of the Employment Agreement, plaintiff John Kowal was involved in the identification and facilitation of the acquisition of businesses similar to Dorks, LLC. In each of those acquisitions, Mr. Kowal was paid a bonus in accordance with Schedule A. In each acquisition the amount of the bonus was determined by the "aggregate value of the specific Transaction."

16.    The Employment Agreement provides for an award of attorney fees and disbursement in favor of Mr. Kowal if an action to enforce the Agreement results in a judgment in his favor. Employment Agreement, ¶11.2.

AMENDED COMPLAINT FOR DECLARATORY RELIEF
AND BREACH OF CONTRACT - 4

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144  WWW.HELSELL.COM

### III. SPECIFIC FACTS RELATED TO THE DISPUTE

17.    John Kowal identified and facilitated the acquisition by HandHeld of eBaum's World, Inc.  In an Asset Purchase Agreement dated August 1, 2007, HandHeld, through its wholly owned subsidiary EBW Acquisition, Inc., purchased eBaum's World, Inc. for a total purchase price of "up to $52,500,000.00." HandHeld/eBaum Asset Purchase Agreement, ¶1.08.

18.    Under the terms of the Asset Purchase Agreement, HandHeld (now ZVUE) became immediately obligated to pay $20,000,000 in guaranteed payouts. In addition, HandHeld was required to up to another $32,500,000 in payouts depending on specified future events as set forth in the Asset Purchase Agreement.

19.    HandHeld has, at times, agreed that John Kowal is due a commission under his Employment Agreement for the eBaum's World, Inc. transaction. However, HandHeld (now ZVUE) has taken the position that the total bonus payable to John Kowal shall be measured on a purchase price value of $17.5 million, rather than the actual amount paid.  Further, Handheld has refused to pay any bonus to Mr. Kowal.

20.    John Kowal disagrees with the position taken by HandHeld that he is only entitled to a commission on the $17.5 million figure.  Rather, Mr. Kowal contends that the Employment Agreement requires that HandHeld pay him a commission on the "aggregate value of the specific transaction."  This means that

AMENDED COMPLAINT FOR DECLARATORY RELIEF
AND BREACH OF CONTRACT - 5

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144  WWW.HELSELL.COM

whenever additional purchase price funds are paid by HandHeld (now ZVUE) on the eBaum's World transaction, John Kowal will be entitled to a commission on those payments as set forth in Schedule A to his Employment Agreement. HandHeld, to date, has rejected this position and has refused to recognize any additional right to Mr. Kowal following the initial commission payment to Mr. Kowal.

21.     The parties have an on-going and actual dispute which they have attempted, without success, to resolve.

IV.  CAUSES OF ACTION

22.     Declaratory relief.  Pursuant to RCW Chapter 7.24, John Kowal seeks a declaratory judgment with respect to the respective rights and obligations of the parties to this matter.

23.     Specifically, John Kowal seeks a declaration that he is entitled to a commission under Schedule A of the Employment Agreement, and the related bonus provisions in that contract calculated based upon the "aggregate value" of the eBaum's World, Inc. acquisition by HandHeld.  John Kowal is entitled to bonus payments on any amounts paid pursuant to ¶1.08 (Purchase Price) of the Asset Purchase Agreement by and among HandHeld, EBW Acquisition, Inc. and eBaum's World, Inc.  Those payments shall include, as set forth in ¶1.08, payments made under ¶1.09 of the Asset Purchase Agreement among HandHeld, EBW Acquisition, Inc. and eBaum's World, Inc.

AMENDED COMPLAINT FOR DECLARATORY RELIEF
AND BREACH OF CONTRACT - 6

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144  WWW.HELSELL.COM

24.    The parties have a current and on-going dispute as to the matters set forth above and require interpretation from the Court in order to terminate the uncertainty and disagreement between the parties regarding this dispute.

## V. BREACH OF CONTRACT

25.    The allegations set forth above are hereby incorporated by reference and restated as part of the Breach of Contract claim.

26.    The actions taken by HandHeld (now ZVUE) to restrict the commission payable to John Kowal in this matter constitute a present and anticipatory breach of the bonus provisions in the Employment Agreement between John Kowal and HandHeld.

27.    John Kowal has been damaged by that breach in an amount to be proven at trial, but that amount includes, and is not limited to, damages of the 5% commission payable to seller under ¶¶1.08 and 1.09 of the Asset Purchase Agreement among HandHeld, EBW Acquisition, Inc. and eBaum's World, Inc., plus interest.

WHEREFORE, having fully stated a claim for declaratory relief, breach of contract and injunctive relief, John Kowal prays for the following relief:

1.    A declaration that John Kowal is entitled under the terms of his Employment Agreement with HandHeld, to a 5% commission calculated based upon the "aggregate value" of the eBaum's World, Inc. transaction including all

AMENDED COMPLAINT FOR DECLARATORY RELIEF
AND BREACH OF CONTRACT - 7

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144  WWW.HELSELL.COM

payments made pursuant to ¶¶1.08 and 1.09 of the Asset Purchase Agreement among HandHeld, EBW Acquisitions, Inc. and eBaum's World, Inc.;

2.    A declaration that HandHeld (now ZVUE) is in material breach of the Employment Agreement;

3.    Damages in an amount to be proven at trial, including but not limited to a commission of 5% of the total "aggregate value" paid to the Seller as required by the Asset Purchase Agreement among HandHeld, EBW Acquisition, Inc. and eBaum's World, Inc.;

4.    Damages against all defendants under RCW 49.52.070 for an amount up to twice the amount unlawfully withheld by defendants;

5.    An award of attorney fees and disbursements pursuant to ¶11.2 of the Employment Agreement and RCW 49.52.070; and

6.    Such further relief as the Court deems just and equitable.

Dated this _31st_ day of _July_____, 2008.

HELSELL FETTERMAN LLP


By_____
Andrew J. Kinstler, WSBA #12703
Attorneys for Plaintiff Edward John Kowal

AMENDED COMPLAINT FOR DECLARATORY RELIEF
AND BREACH OF CONTRACT - 8

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144  WWW.HELSELL.COM